**FILED**

**NOV 1 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**MARJORIE MURTAGH COOKE** )
8475 Sylvan Way )
Clifton, VA 20124 )
)
      Plaintiff, )
)
  v. ) Case No. _____
)
**MARK ROSENKER, CHAIRMAN,** )
**NATIONAL TRANSPORTATION SAFETY** )
**BOARD** )
)
      Defendant. )
)
  Serve: )
)
**UNITED STATES ATTORNEY'S OFFICE** )
**FOR THE DISTRICT OF COLUMBIA** )
Attn: Civil Process Clerk )
United States Attorney's Office )
555 4th Street, NW )
Washington, DC 20530 )
-*Via Certified Mail* )
)
**UNITED STATES ATTORNEY GENERAL** )
10th & Pennsylvania Avenue, NW
Washington, DC 20530
-*Via Certified Mail*

**MARK ROSENKER**
490 L'Enfant Plaza, SW
Washington, D.C. 20594
-*Via Certified Mail*

**NATIONAL TRANSPORTATION**
**SAFETY BOARD**
Office of General Counsel
490 L'Enfant Plaza, SW
Washington, D.C. 20551
-*Via Certified Mail*

CASE NUMBER 1:06CV01928

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 11/13/2006

**JURY ACTION**

## CIVIL COMPLAINT FOR EQUITABLE AND
## MONETARY RELIEF AND DEMAND FOR JURY

1. This action arises out of the Defendant National Transportation Safety Board's ("Defendant" or "NTSB") unlawful employment actions against the Plaintiff Marjorie Murtagh Cooke ("Plaintiff" or "Cooke"). Specifically, Cooke alleges that the NTSB retaliated against her in violation of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 215(a)(3) *et seq.*, when the NTSB denied Cooke an interview for the Office of Marine Safety Director position (and hired an alternate candidate), denied Cooke the opportunity to review her evaluation for 2004, withdrew an offer for a senior level position, denied her an evaluation for 2005, denied her the opportunity for monetary awards, transferred Cooke to the Office of Safety Recommendations and Communication, subsequently transferred her to the Office of the Managing Director, and denied her performance standards for her current position, for complaining about disparate pay and filing a sexual discrimination complaint.

### Parties

2. Cooke is resident of the city of Clifton, County of Fairfax, in the Commonwealth of Virginia.

3. Defendant Mark Rosenker is the Chairman of NTSB and is the delegated administrator of NTSB and is responsible for the lawful acts of that agency ("Chairman Rosenker"). As such, Chairman Rosenker is the proper defendant in this action pursuant to 29 U.S.C. § 203(d).

### Jurisdiction and Venue

4. This Honorable Court has jurisdiction over the claims presented herein pursuant to 29 U.S.C. § 216(b), as it asserts a claims that arise under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and specifically under the FLSA, 29 U.S.C. § 215(a)(3).

5. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because the Defendant has its principal office in the District of Columbia and, a substantial part of the events or omissions giving rise to Cooke's claims occurred in the District of Columbia.

**Factual Allegations**

6. In 1994, Cooke was the Chief of the Marine Division, a unit under NTSB's Office of Surface Transportation Safety.

7. Beginning in 1997, and ending in 1998, NTSB's Office of Surface Transportation Safety was divided into four separate offices: Highway Safety ("OHS"); Railroad Safety ("ORS"); Marine Safety ("OMS"); and Pipeline and Hazardous Materials Safety ("OPHMS").

8. Each surface office had a director who was paid at a GS-15 level and who reported to the Managing Director. The Managing Director had Senior Executive Service ("SES") status. The Director of the Office of Aviation Safety ("OAS"), Dr. B. Loeb, also had SES status.

9. Each surface office had similar responsibilities, with the exception of OMS, which had two additional responsibilities: conducting accident investigations involving military and commercial vessels; and conducting international accident investigations. The latter was similar to the additional responsibility handled by the OAS. OAS had an additional senior level (SL) position to handle international investigations.

10. In 1997, during this restructuring Cooke was named the Director of OMS.

3

11. Soon after the restructuring, ORS and OPHMS merged to become the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPHMS"). Bob Chipkevich ("Chipkevich") became the Director of ORPH.

12. In 2000, when NTSB was reviewing an available SES slot, the Managing Director, Dan Campbell ("Campbell") suggested to then Agency Chairman, James Hall ("Hall") that Chipkevich be given the SES slot.

13. Campbell suggested that Chipkevich be given the SES slot because Chipkevich had supposedly the most seniority of the three directors and because ORPH was the most complex of the three offices.

14. Hall agreed with Campbell's suggestion, and Chipkevich, the Director of ORPH, applied, interviewed, and was awarded SES status.

15. In early 2003, NTSB was once again reviewing an available SES slot. The Agency's leadership, then Chairman Ellen Engleman-Conners ("Conners") and Campbell assigned this SES slot to Joe Osterman ("Osterman"), the Director of OHS.

16. After Osterman was awarded the SES slot, Cooke became the only Director of the three safety offices without SES status.

17. Ostensibly because Cooke's Director position did not have SES status, Cooke was paid significantly less than her male counterparts: John Clark ("Clark"), who was the new Director of OAS; Osterman; and Chipkevich.

18. Specifically, in 2003, while Clark received a salary of $142,022, Osterman received a salary of $136,872, and Chipkevich received a salary of $142,022, Cooke received a salary of $121,583.

19. In addition, in 2004, while Clark received a salary of $142,022, Osterman received a salary of $140,797, and Chipkevich received a salary of $142,022, Cooke received a salary of $126,963.

20. Ostensibly because Cooke's Director position did not have SES status, Cooke was granted lower monetary awards than her male counterparts: Clark, Osterman and Chipkevich.

21. Specifically, in 2003, while Clark received a monetary award of $16,080, Osterman received an award of $5,900, and Chipkevich received an award of $16,056, Cooke received an award of $5,400.

22. In addition, in 2004, while Clark received a monetary award of $17,000, Osterman received an award of $9,500 and Chipkevich received an award of $16,000, Cooke received an award of $3,400.

23. Cooke, in her position as Director of OMS, performed work substantially equal to Clark in his position as Director of OAS, Chipkevich in his position as Director of OPHRMS and Osterman in his position as Director of OHS.

24. Cooke performed her work as Director of OMS under similar conditions as Clark performed his work as Director of OAS, Chipkevich performed his work as Director of OPHRMS and Osterman performed his work as Director of OHS.

25. Due to this inequality, in April of 2004, Cooke met with Conners and informed Conners that she was the only Director of the four modal investigation offices without SES status.

26. Further, Cooke informed Conners that the other three modal safety directors, all of whom are male, earned salaries much higher than hers because she lacked SES status.

27. Cooke explained to Conners that her concern was not the SES status *per se*, but rather she wanted equitable pay for similar work.

28. Conners responded by telling Cooke that if NTSB acquired another SES slot, the slot would be assigned to the Director of OMS. However, Conners also stated that when the OMS Director position received SES status, the position would be advertised and that Cooke would have to apply and compete for the position.

29. Cooke suggested to Conners that she be allowed to receive overtime pay as one option for reducing the gap between her salary and that of the three male modal safety Directors.

30. Conners replied that she was not aware if that was a possible solution, but told Cooke she would look into it.

31. After the meeting Cooke met with Lisa Love ("Love") from Human Resources. Love confirmed for Cooke that she could receive overtime pay; however she needed approval from NTSB Chairman Conners.

32. After meeting with Love, Cooke made several attempts to meet with Conners to seek her approval for overtime pay.

33. Despite Cooke's efforts Conners refused to meet with her to discuss this subject.

34. Thus, Cooke continued to work as Director of OMS, doing substantially similar work to Clark, Osterman, and Chipkevich, the other three Directors, and making significantly less money.

35. In July, 2004 the OMS Director position was advertised as having SES status.

36. As instructed by Conners, Cooke applied for this position, but the advertisement was cancelled; she was not granted an interview.

37. In January, 2005 when Cooke had not yet received an evaluation for the performance period ending in 2004, she requested a meeting with Conners. Conners refused to meet with her to discuss Cooke's performance evaluation.

38. Finally, in early 2005, the OMS Director position was re-advertised as having SES status.

39. Cooke applied for this position, but she was not granted an interview.

40. In response to years of unequal pay for similar work to that of her male counterparts, and not even being granted an interview for a position she held for eight years, Cooke filed a sexual discrimination complaint with the NTSB EEO Director on February 7, 2005, using the established NTSB protocol for lodging formal complaints of Equal Pay Act violations.

41. In her complaint, Cooke alleged that she received unequal pay as the Director of OMS because of her gender.

42. Cooke's discrimination complaint was investigated from August of 2005 through December of 2005.

43. In May, 2005, Osterman notified Cooke of her non-selection for the Director of OMS position. Cooke noted that she had not been paid for the position during her tenure as Director, OMS. Osterman then offered her an SL position to compensate if she would submit bulleted responsibilities for a position description.

44. NTSB has used SL positions in the past to compensate senior level employees for pay over the GS-15 salary level.

45. In response, Cooke submitted the requested document. Osterman subsequently informed her that Conners and Campbell would not permit him to use an SL position for her.

7

46. Instead, NTSB transferred Cooke to the Office of Safety Recommendations and Communication in June 2005.

47. In October, 2005, Cooke was transferred to the Office of the Managing Director.

48. Cooke has not received an evaluation for the performance period ending in 2005, thus precluding any opportunity for an award for her performance in 2005.

49. Cooke has not been issued new performance standards for her current position thus precluding any opportunity to improve her career status or to obtain awards for 2006.

## Count I
## Fair Labor Standards Act (FLSA)
## 29 U.S.C. § 215(a)(3)
## Retaliation

50. Plaintiff incorporates the allegations in paragraphs 1 through 49 as though alleged herein.

51. Plaintiff is an "employee" as the terms are defined at 29 U.S.C. § 203(e)(2)(ii) and the Defendant National Transportation Safety Board is an "employer" as the term is defined at 29 U.S.C. § 203(d).

52. Defendant has limited, segregated, and classified Plaintiff in a way which deprives her of employment opportunities and otherwise adversely affects her status as an employee because of Plaintiff's complaints of unequal pay and sexual discrimination.

53. As a direct and proximate result of the Defendant's conduct, Plaintiff was caused to suffer damages.

54. For violations of 29 U.S.C. § 215(a)(3), Plaintiff demands such legal or equitable relief as provided by 29 U.S.C. § 216(b), including, but not limited to, the following:

    a. Reinstatement;
    b. Promotion;
    c. Economic damages including front and back pay;
    d. Reasonable attorney's fees and costs;
    e. Compensatory Damages;
    f. Liquidated Damages; and
    g. Any other relief that this Court deems just and equitable.

## Prayer for Relief

WHEREFORE, Cooke prays this Honorable Court for Judgment against the Defendant, in the amount of economic damages and compensatory damages to be determined at trial, plus attorneys' fees, costs of this action, equitable relief (including upgrading Plaintiff's employment status) and any other relief this Honorable Court deems just and proper to award.

                                            Marjorie Murtagh Cooke
                                            By Counsel

_____
R. Scott Oswald, D.C. Bar No. 458859
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

## Jury Demand

Plaintiff Cooke demands a jury for all issues proper to be so tried.

_____
R. Scott Oswald

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-1928
PLF

**I (a) PLAINTIFFS**

Marjorie Murtagh Cooke

88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Mark Rosenker, Chairman, National Transportation Safety Board

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

R. Scott Oswald
The Employment Law Group, PC
888 17th Street, NW
Suite 900
Washington, DC 20006
(202) 261-2806

CASE NUMBER   1:06CV01928
JUDGE: Paul L. Friedman
DECK TYPE: Employment Discrimination
DATE STAMP: 11/13/2006

**JURY ACTION**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** FOR PLAINTIFF A

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. § 215(a)(3) - Fair Labor Standards Act retaliation for Equal Pay Act complaint

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ unknown   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 11/13/2006   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.