# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARJORIE MURTAGH COOKE,** ) <br> 8475 Sylvan Way ) <br> Clifton, Virginia 20124, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> **MARK ROSENKER, CHAIRMAN,** ) <br> **NATIONAL TRANSPORTATION SAFETY** ) <br> **BOARD,** ) <br>   ) <br> Defendant. ) <br>   ) <br> Serve: ) <br>   ) <br> **UNITED STATES ATTORNEY'S OFFICE** ) <br> **FOR THE DISTRICT OF COLUMBIA** ) <br> Attn: Civil Process Clerk ) <br> United States Attorney's Office ) <br> 555 4th Street, NW ) <br> Washington, DC 20530 ) <br> *-Via Certified Mail* ) <br>   ) <br> **UNITED STATES ATTORNEY GENERAL** ) <br> 10th & Pennsylvania Avenue, NW ) <br> Washington, DC 20530 ) <br> *-Via Certified Mail* ) <br>   ) <br> **MARK ROSENKER** ) <br> 490 L'Enfant Plaza, SW ) <br> Washington, D.C. 20594 ) <br> *-Via Certified Mail* ) <br>   ) <br> **NATIONAL TRANSPORTATION** ) <br> **SAFETY BOARD** ) <br> Office of General Counsel ) <br> 490 L'Enfant Plaza, SW ) <br> Washington, D.C. 20551 ) <br> *-Via Certified Mail* ) | Case No. 1:06CV01928 <br> Judge Paul L. Friedman |

**FIRST AMENDED CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY[1]**

1.    This action arises out of the Defendant National Transportation Safety Board's ("Defendant" or "NTSB") unlawful employment actions against Plaintiff Marjorie Murtagh Cooke ("Plaintiff" or "Cooke").  Specifically, Cooke alleges that the NTSB retaliated against her in violation of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 215(a)(3) *et seq.*, for complaining about disparate pay and filing a sexual discrimination complaint when the NTSB denied Cooke an interview for the Office of Marine Safety Director position (and hired an alternate candidate), denied Cooke the opportunity to review her evaluation for 2004, withdrew an offer extended to her for a senior level position, denied her an evaluation for 2005, denied her the opportunity for monetary awards, transferred Cooke to the Office of Safety Recommendations and Communication, subsequently transferred her to the Office of the Managing Director, and denied her performance standards for her current position.

**Parties**

2.    Cooke is resident of the City of Clifton, County of Fairfax, in the Commonwealth of Virginia.

3.    Defendant Mark Rosenker is the Chairman of NTSB and is the delegated administrator of NTSB and is responsible for the lawful acts of that agency ("Chairman Rosenker").  As such, Chairman Rosenker is the proper defendant in this action pursuant to 29 U.S.C. § 203(d).

---

[1] Plaintiff is amending her complaint as a matter of course before a responsive pleading is served pursuant to Federal Rule of Civil Procedure 15(a).

**Jurisdiction and Venue**

4. This Honorable Court has jurisdiction over the claims presented herein pursuant to 29 U.S.C. § 216(b), as it asserts a claims that arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and specifically under 29 U.S.C. § 215(a)(3).

5. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e) because Defendant has its principal office in the District of Columbia and a substantial part of the events or omissions giving rise to Cooke's claims occurred in the District of Columbia.

**Factual Allegations**

6. Between 1997 and 1998, NTSB's Office of Surface Transportation Safety was divided into four separate offices: Highway Safety ("OHS"); Railroad Safety ("ORS"); Marine Safety ("OMS"); and Pipeline and Hazardous Materials Safety ("OPHMS").

7. ORS and OPHMS later merged to become the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH").

8. Cooke was the Chief of the Marine Division, a unit under NTSB's Office of Surface Transportation Safety, from 1994 until 1997 when the Marine Division became the OMS. Cooke became the Director of OMS in 1997, and she remained the Director of the OMS until she was transferred in 2005.

9. Each surface office director, including Cooke, was paid at a GS-15 level and reported to the Managing Director. The Managing Director had Senior Executive Service ("SES") status, and the Director of the Office of Aviation Safety ("OAS"), Dr. B. Loeb, also had SES status.

10. Between 2000 and 2003, the Directors of ORPH and OHS, Bob Chipkevich

3

("Chipkevich") and Joe Osterman ("Osterman") respectively, were awarded SES status, leaving Cooke as the only director without SES status.

11.     In or about 2003 John Clark became the director of OAS, and he was provided SES status.

12.     As a Director without SES status, Cooke was paid significantly less than her male counterparts in salary and bonuses even though she performed work substantially equal to and under similar conditions as each male director, all of whom had SES status.

13.     Due to this inequality in or about April of 2004 Cooke met with Chairman Ellen Engleman-Conners ("Conners"), and she informed Conners that Cooke was the only Director of the four modal investigation offices without SES status and that as a result she made substantially less money than all three of her male counterparts.

14.     According to Lisa Love from Human Resources, Conners had authority to authorize overtime for Cooke to make up the differential pay.

15.     After the meeting with Conners, Cooke made several attempts to meet with Conners to seek her approval for overtime pay in order to remedy the disparity between Cooke's pay and that of her male counterparts, but Conners refused to meet with Cooke to discuss the issue of the disparity between Cooke's pay and that of her male counterparts.

16.     In or about July, 2004, NTSB advertised the OMS Director position as having SES status.

17.     Cooke applied for the OMS Director position, but NTSB cancelled the advertisement and did not grant Cooke an interview.

18.     In or about early January of 2005 when Cooke had not yet received an evaluation for the performance period ending in 2004, she requested another meeting with Conners to learn

why she had not received an evaluation for the performance period ending in 2004, but Conners refused to meet with her to discuss Cooke's performance evaluation.

19. Within a couple days of not being granted a meeting with Conners in or about January of 2005, Cooke met with the NTSB EEO Director to make a complaint. Shortly thereafter NTSB re-advertised the OMS Director position and described it as having SES status.

19. Cooke applied for this position, but NTSB refused to grant her an interview.

20. As a result of receiving unequal pay for similar work to that of her male counterparts and NTSB refusal to grant her an interview for a position she held for eight years, Cooke filed a sexual discrimination complaint with the NTSB EEO Director on or about February 7, 2005, using the established NTSB protocol for lodging formal complaints of Equal Pay Act violations.

21. Cooke alleged in her EEO complaint that because of her gender NTSB paid her an unequal amount for her work as the Director of OMS.

22. On or about March 14, 2005, NTSB Managing Director Dan Campbell in an interview with Chester Fisher, Cooke's EEO counselor, and Campbell indicated that NTSB had not yet concluded recruiting action for the OMS Director position.

23. In or about May of 2005 NTSB Managing Director Joe Osterman notified Cooke that NTSB did not select for the Director of OMS position. Cooke noted that she had not been paid at the SES level for the position during her tenure as Director, OMS. Osterman then suggested giving her a non-SES Senior Leadership position if she would submit bulleted responsibilities for a position description.

24. In response, Cooke submitted the requested document, but Osterman subsequently informed her that despite her submission NTSB Director Conners and Campbell

5

refused to allow NTSB to offer her a Senior Leadership position.

25.     NTSB transferred Cooke to the Office of Safety Recommendations and Communication in or about June 2005 in lieu of granting her an SES position or the equivalency of SES pay.

26.     In or about October of 2005 NTSB transferred Cooke again, this time to the Office of the Managing Director in lieu of granting her an SES position or the equivalency of SES pay.

27.     NTSB failed to give Cooke an evaluation for the performance period ending in 2005, thus precluding her from receiving any opportunity to receive an award for her performance in 2005.

28.     Additionally, NTSB refused to issue to Cooke new performance standards for her position in the Office of the Managing Director, thus effectively precluding her from securing any opportunity to improve her career status or to obtain any cash or merit awards in 2006.

### Count I
### Fair Labor Standards Act (FLSA)
### 29 U.S.C. § 215(a)(3)
### Retaliation

29.     Plaintiff incorporates the allegations in paragraphs 1 through 28 as though alleged herein.

30.     Plaintiff is an "employee" as the terms are defined at 29 U.S.C. § 203(e)(2)(ii) and the Defendant National Transportation Safety Board is an "employer" as the term is defined at 29 U.S.C. § 203(d).

31.     Defendant has limited, segregated, and classified Plaintiff in a way which deprives her of employment opportunities and otherwise adversely affects her status as an

employee because of Plaintiff's complaints of unequal pay and sexual discrimination.

33. For violations of 29 U.S.C. § 215(a)(3), Plaintiff demands such legal or equitable relief as provided by 29 U.S.C. § 216(b), including, but not limited to, the following:

     a. Reinstatement;
     b. Promotion;
     c. Economic damages including front and back pay;
     d. Reasonable attorney's fees and costs;
     e. Compensatory Damages;
     f. Liquidated Damages; and
     g. Any other relief that this Court deems just and equitable.

32. As a direct and proximate result of the Defendant's conduct, Defendant caused Plaintiff to suffer damages.

**Prayer for Relief**

WHEREFORE, Plaintiff prays this Honorable Court for Judgment against Defendant in the amount of economic damages and compensatory damages to be determined at trial, plus attorneys' fees, costs of this action, equitable relief (including upgrading Plaintiff's employment status), and any other relief this Honorable Court deems just and proper to award.

                                        Marjorie Murtagh Cooke
                                        *By Counsel*

__/s/ R. Scott Oswald_____
R. Scott Oswald, D.C. Bar No. 458859
Brian M. Lowinger, D.C. Bar No. 472886
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**Jury Demand**

Plaintiff Cooke demands a jury for all issues proper to be so tried.

      /s/  R. Scott Oswald_____
R. Scott Oswald

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February, 2007, the forgoing First Amended Complaint for Equitable and Monetary Relief and Jury Demand was served by via using the Court's electronic transmission system, upon:

Quan K. Luong
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530

      /s/  R. Scott Oswald_____
R. Scott Oswald