UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARK ROSENKER, Chairman, National )<br>Transportation Safety Board )<br>)<br>Defendant. )<br>) | Case No: 06-1928 (PLF) |

## ANSWER

Defendant, Mark Rosenker, Chairman, National Transportation Board ("NTSB"), by and through its undersigned attorneys, hereby answers the plaintiff's First Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a prima facie case under any of the claims or causes of action she has asserted.

### THIRD AFFIRMATIVE DEFENSE

Defendant had legitimate, non-discriminatory reasons for its actions which were in full compliance with law and regulation.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

## SPECIFIC RESPONSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's First Amended Complaint as follows by responding to the numbered paragraphs of the Complaint:

1. Paragraph 1 is Plaintiff's statement of her case, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

2. Defendant denies the allegations of paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

3. Defendant admits the allegations in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations in paragraph 4 set forth Plaintiff's allegations regarding jurisdiction, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

5. The allegations in paragraph 5 set forth Plaintiff's allegations regarding venue, to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

6. Defendant admits the allegations of paragraph 6.

7. To the extent that the term "later" is vague, Defendant denies this allegations and advises that the merger referred to in this sentence took place in 2000.

8. Defendant admits the allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant admits that in 2000, the Director of ORPH, Bob Chipkevich, applied, interviewed, and was selected for the position of Director of the Office of Railroad, Pipeline, and Hazardous Materials Safety, an SES-level position. Defendant also admits that in 2003, the Defendant transferred an SES slot that was vacated at the NTSB Academy to the position of Director, Office of Highway Safety. That position was filled by Mr. Joseph Osterman in June 2004.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. The allegations in the first sentence of paragraph 13, "[d]ue to this inequality," constitutes a conclusion of law and Plaintiff's characterization of her case, to which no answer is required. To the extent it may be deemed an allegation of fact, it is denied. Defendant admits that Plaintiff met with then National Transportation Safety Board ("NTSB") Chairman Ellen Engleman Conners in April 2004. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant denies that Conners refused to meet with plaintiff to discuss the issues of the disparity between plaintiff's pay and that of her male counterparts. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Defendant admits the allegation of paragraph 16.

17. Defendant admits that plaintiff applied for the position, that no applicants were interviewed, and that the advertisement was later cancelled.

18. Defendant admits that in or around January 2005, plaintiff had not received an evaluation for the performance period ending in 2004. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18.

19. Defendant admits that on February 7, 2005, Plaintiff made an informal complaint to the EEO Director. Defendant admits that on January 11, 2005, the NTSB issued an announcement for the Director, Office of Marine Safety, an SES position.

19. Defendant admits that Cooke applied for the position and that she was not interviewed.

20. Defendant admits that plaintiff filed a discrimination complaint and denies the remaining allegations in paragraph 20.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant admits the allegations in the first sentence of paragraph 23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 23. Defendant admits that allegations in the third sentence of paragraph 23 that Mr. Osterman asked Ms. Cooke to submit bullet points to support the need for a Senior Level ("SL") position.

24. Defendant admits that Plaintiff submitted the document and denies the remaining allegations in paragraph 24.

25. Defendant admits that in or around June, 2005, plaintiff was transferred to the

Office of Safety Recommendations and Communications. Defendant denies any other allegations in paragraph 25.

26.  Defendant admits that in or around October, 2005, plaintiff was transferred to the Office of the Managing Director. Defendant denies any other allegations in paragraph 26.

27.  Defendant denies the allegations of paragraph 27.

28.  Defendant denies the allegations of paragraph 28.

29.  Defendant's responses to paragraphs 1 through 28 are incorporated by reference.

30.  The allegations contained in paragraph 30 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

31.  Defendant denies the allegations of paragraph 31.

32.  Defendant denies the allegations of paragraph 32.

33.  The allegations contained in paragraphs 33 set forth Plaintiff's prayer for relief, to which no response is required. Defendant nonetheless denies that Plaintiff is entitled to the relief set forth in paragraph 33, or to any relief whatsoever.

Defendant denies any remaining allegations not specifically admitted above. Defendant further denies that plaintiff is entitled to the relief sought in the complaint or to any relief whatsoever. ACCORDINGLY, Defendant requests that the Court dismiss the case and enter judgment for Defendant, order that the complaint be dismissed, and grant Defendant any other just and equitable relief as the Court may deem just and proper.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)