IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARJORIE MURTAGH COOKE </br> </br>     v. </br> </br> MARK ROSENKER, CHAIRMAN, </br> NATIONAL TRANSPORTATION SAFETY </br> BOARD, et al. </br> </br>     Defendant. | ) </br> ) </br> ) Civil Action No. 06-1928 </br> ) Judge John D. Bates </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**JOINT REPORT SUBMITTED**
**PURSUANT TO LOCAL CIVIL RULE 16.3(d) AND FED. R. CIV. P 26(f)**

Pursuant to Rule 16.3(a) of the Local Civil Rules for the United States District Court for the District of Columbia and Fed R. Civ. P. 26(f), counsel for Plaintiff Marjorie Murtagh Cooke ("Plaintiff") and counsel for Defendant Mark Rosenker, Chairman of the NTSB, ("Defendant") conferred on February 22, 2007, March 7, 2007, and March 15, 2007, to discuss the matters set forth in LCvR 16.3(c). Pursuant to LCvR 16.3(d) and the Court's order dated February 20, 2007, the parties in the above-captioned action make the following report to the Court, stating all agreements reached with respect to those matters specified in LCvR 16.3(c). On those matters where the parties did not reach agreement, each party's position is discussed.

**1. Existence of Dispositive Motions**

Plaintiff does not believe that this action can be disposed of by dispositive motion. Defendant believes part or all of this case will be disposed of by a dispositive motion after the completion of discovery.

**2. Date for Joinder and/or Amendment of Pleadings**

At this point, the parties are not in a position to agree upon or narrow any factual or legal issues in the case.

At this point, the parties are not in a position to determine whether the case is amenable to joinder and believe that they will be in a better position to determine so, join additional parties, or amend the complaint by the completion of discovery.

**3. Assignment to a Magistrate Judge.**

The parties do not consent to the assignment of this case to a Magistrate Judge. The parties, however, do not oppose mediation by a Magistrate Judge as the method of alternative dispute resolution.

**4. Possibility of Settlement.**

The parties believe that they are amenable to a settlement of this lawsuit but at this stage are unaware of whether or when such settlement will take place.

**5. Benefit of ADR Procedures**

The parties believe that mediation before a Magistrate Judge or some other form of ADR would be beneficial after the parties have engaged in some discovery. The parties also believe that ADR procedures should be held in abeyance pending any dispositive motions.

**6. Dispositive Motions.**

Plaintiff does not believe that this case can be resolved through dispositive motions. Defendant believes that this case can be resolved through dispositive motions.

The parties propose the following schedule for dispositive motions: dispositive motions, if any, shall be filed no later than 60 days after the close of discovery, with opposition briefs to be filed 30 days thereafter, and reply briefs to be filed 15 days after the filing of opposition briefs.

The parties agree to defer to the Court regarding timing for deciding dispositive motions.

**7. Initial Disclosures.**

The parties propose that initial disclosures be made on or before April 5, 2007.

**8. Anticipated Extent of Discovery.**

**Interrogatories, Depositions, and Expert Witnesses:**

The parties agree that each side may serve up to 25 interrogatories, take up to 10 depositions, excluding the depositions of expert witnesses designated pursuant to Fed. R. Civ. P. 26(a)(2), and that the duration of each deposition should not exceed one day of seven hours. The parties defer to Fed. R. Civ. P. 34 for issues related to document production and Fed. R. Civ. P. 36 for requests for admissions.

**Protective Orders:**

The parties are not aware of any issue at the moment that will require a protective order but will address it with Court as needed.

**Close of Discovery:**

The parties propose that discovery period should be 150 days in length after the time frame for making initial disclosures.

**9. Expert Reports and Depositions.**

The parties agree that the requirement and exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should not be modified.

The parties agree that plaintiff shall make its Rule 26(a)(2) statement within 60 days following the commencement of discovery and defendant shall make its Rule 26(a)(2) statement within 90 days following commencement of discovery.

**10. Class Actions**

The above-captioned case is not a class action.

**11. Bifurcation of Trial and/or Discovery**

The parties propose that there should not be bifurcation of discovery or trial.

**12. Pretrial Conference**

The parties propose that a pretrial conference be held within 30 days after the Court rules on any dispositive motion.

**13. Trial Date**

The parties propose that that the trial date be set at the pretrial conference.

**14. Other Matters**

None.

**Respectfully submitted,**

| | |
|---|---|
| /s/ Brian M. Lowinger | /s/ Quan K. Luong |
| R. Scott Oswald, D.C. Bar No. 458859 | Quan K. Luong |
| Brian M. Lowinger, D.C. Bar No. 472886 | Special Assistant United States Attorney |
| Employment Law Group, P.C. | 555 4th Street, N.W., Room E-4417 |
| 888 17th Street, N.W. | Washington, D.C. 20530 |
| Suite 900 | (202) 514-9150 (phone) |
| Washington, D.C. 20006-3307 | (202) 514-8780 (facsimile) |
| (202) 261-2812 | Quan.Luong@usdoj.gov |
| (202) 261-2835 (facsimile) | *Counsel for Defendant* |
| soswald@employmentlawgroup.net | |
| blowinger@employmentlawgroup.net | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March 2007, the foregoing Notice of Joint Report Submitted Pursuant to Local Civil Rule 16.3(d) and Fed. R. Civ. P. 26(f), and the proposed order were filed electronically. I understand that notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. The attorney listed below has entered his appearance on behalf of the Defendant.

>    Quan K. Luong, Esq.
>    Special Assistant United States Attorney
>    555 4th Street, N.W., Room E-4417
>    Washington, D.C. 20530
>    (202) 514-9150 (phone)
>    (202) 514-8780 (facsimile)
>    Quan.Luong@usdoj.gov
>    *Counsel for Defendant*

                                      _____/s/ Brian M. Lowinger_____
                                      Brian M. Lowinger

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE ) | |
| v. | ) Civil Action No. 06-1928 |
| | ) Judge John D. Bates |
| MARK ROSENKER, CHAIRMAN, ) | |
| NATIONAL TRANSPORTATION SAFETY ) | |
| BOARD, et al. ) | |
| Defendant. ) | |

## PROPOSED ORDER

This matter having come before the Court for an initial scheduling conference, and the Court having considered the Joint Report submitted by counsel, it is hereby:

ORDERED that the parties shall be bound by the deadlines presented in the Joint Report which are set forth below. The deadlines are to be calculated from the date of the docketing of this order, unless otherwise indicated.

| | |
|---|---|
| Initial Disclosures | April 5, 2007 |
| Discovery | 150 days from April 5, 2007 |
| Plaintiff's Rule 26(a)(2) Statement | 60 days following commencement of Discovery |
| Opponent's Rule 26(a)(2) Statement | 90 days following commencement of Discovery |
| Deadline for Filing Dispositive Motions | 60 days following close of Discovery |
| Deadline for Opposition to Dispositive Motion | 30 days after filing of dispositive motions |
| Deadlines for Replies | 15 days after filing of opposition to dispositive motions |

| | |
|---|---|
| Pretrial conference | 30 days after Court's decision on dispositive motions |
| Trial | Firm date to be set at Pretrial conference |

ENTER this _____ day of _____, 2007.

_____
JOHN D. BATES
United States District Judge

Dated:_____

2