UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARJORIE MURTAGH COOKE            )
                                  )
        Plaintiff,                )
                                  )   Case No. 1:06CV01928 (JDB)
        v.                        )
                                  )
MARK ROSENKER, Chairman, National )
Transportation Safety Board       )
                                  )
        Defendant.                )
_____)

**CONSENT MOTION FOR A PROTECTIVE ORDER
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

In this case against defendant Mark Rosenker, Chairman of the National Transportation Safety Board ("NTSB"), for alleged retaliation, plaintiff seeks certain information and documents that defendant believes may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or which are otherwise confidential, internal agency information. In order to permit the parties to use information relevant to this case without undermining the legislative purposes underlying the Privacy Act, or compromising the confidentiality applicable to certain agency documents, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), defendant respectfully moves this Court to enter an order protecting the use of certain materials sought by plaintiff through discovery. Counsel for plaintiff consents to this motion.

**ARGUMENT**

The Privacy Act limits the disclosure of "any item, collection, or grouping of information about an individual that is maintained by an agency..." 5 U.S.C. § 552(a)(4). The purpose of

this section is to protect individuals against the invasion of their personal privacy. See generally Pilon v. U.S. Dep't of Justice, 73 F.3d 1111, 1120-1121 (D.C. Cir. 1996). Accordingly, the Privacy Act carefully sets forth only twelve circumstances under which an agency may disclose records subject to its terms, including allowing disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

When the Privacy Act is implicated in the context of civil discovery, the Court of Appeals for this Circuit has stressed that a District Court's supervisory responsibilities may be "weightier than in the usual discovery context." Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987). The special treatment of records subject to the Privacy Act stems from congressional recognition of their unique character:

> [S]tatutory publication shelters may have some application to discovery. These protected interests reflect a congressional judgment that certain delineated categories of documents may contain sensitive data which warrants a more considered and cautious treatment.

Id. (quoting Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir. 1984)).

In addition to Privacy Act protected information, the Agency also has personnel records (e.g., crediting and rating plans) which the Agency does not normally disclose. Crediting and rating plans are used to evaluate applicants for particular positions. The propriety of withholding these plans has even been recognized by Courts in ruling on cases brought pursuant to the otherwise, pro-disclosure Freedom of Information Act, 5 U.S.C. § 552. See Kaganove v. EPA, 856 F.2d 884, 889 (7th Cir. 1988)(finding that agency like any employer "reasonably would expect" applicant rating plan to be internal); National Treasury Employees Union v. United

States Customs Serv., 802 F.2d 525, 531 (D.C. Cir. 1986).  In the FOIA context, the Seventh Circuit stated,

> ...there is little doubt that the Rating Plan is a legitimate internal personnel document and that disclosure of the Rating Plan would frustrate the document's objective. The Rating Plan is the sort of document that the [federal agency], and any other employer, reasonably would expect to be internal. Release of the Rating Plan would render it ineffectual because some job candidates, once informed in detail of the experiences that the [agency] considered most valuable for a particular job, might amend the description of their prior employment.

Kaganove, 856 F.2d at 889.

Accordingly, to ensure confidentiality of the types of documents described herein, and to which protection from public disclosure is appropriate, the District Court is accorded discretion through appropriate protective orders to avoid a threat to "the interests protected by statutory publication bans."  See, e.g. Laxalt, 809 F.2d at 889.

In this regard, defendant respectfully requests that the Court enter the accompanying Order, which will allow plaintiff access to certain information and records that he seeks and yet avoid placing sensitive, confidential information unnecessarily on the public record.

November 14, 2007            Respectfully submitted,

_____/s/_____
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney

Of Counsel                   Judiciary Center Building
Denise D'Avella

3

National Transportation Safety Board

Case 1:06-cv-01928-JDB     Document 16     Filed 11/14/2007     Page 4 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06CV01928 (JDB) |
| v. ) | |
| ) | |
| MARK ROSENKER, Chairman, National ) | |
| Transportation Safety Board ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

In this case against defendant Mark Rosenker, Chairman of the National Transportation Safety Board ("NTSB"), for alleged retaliation, Plaintiff seeks certain personnel information and documents which Defendant believes may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a or can be precluded from disclosure by an exemption under the Freedom of Information Act, 5 U.S.C. § 552. In order to permit the parties to discover information relevant to this case without undermining the legislative purposes underlying the Privacy Act or permissible non-disclosure provisions of the FOIA, pursuant to these statutes and Rule 26 of the Federal Rules of Civil Procedure, it is hereby

ORDERED, that the following procedures shall be followed:

1. Contemporaneous with production, Defendant will identify personnel documents or information subject to the Privacy Act or non-disclosure exemptions of the FOIA. Such documents or information will be deemed to be "information subject to the Protective Order," as referred to hereinafter.

2. Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information subject to this Protective Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk.  Version One shall redact the information subject to this Order and shall be filed on the public record.  Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials.  Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.  Further, Defendant may restrict access to certain agency personnel documents (e.g., crediting and rating plans) to plaintiff's counsel, paralegal and expert witnesses and expressly preclude such information from being provided to Plaintiff.

5. Except as provided herein, no person having access to material designated as subject

to this Order shall make public disclosure of those materials without further Order of the Court.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to defendant's counsel within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, Plaintiff's counsel shall so notify Defendant's counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Defendant to counsel for Plaintiff or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is SO ORDERED by this Court this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
DAVID SCHER
The Employment Law Group
888 17th Street, N.W., Suite 900
Washington DC 2006

ANDREA McBARNETTE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153