UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| MARJORIE MURTAGH COOKE ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CV01928 (JDB) |
| ) | |
| v. ) | |
| ) | |
| MARK ROSENKER, Chairman, National ) | |
| Transportation Safety Board ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PROTECTIVE ORDER

In this case against defendant Mark Rosenker, Chairman of the National Transportation Safety Board ("NTSB"), for alleged retaliation, Plaintiff seeks certain personnel information and documents which Defendant believes may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a or can be precluded from disclosure by an exemption under the Freedom of Information Act, 5 U.S.C. § 552. In order to permit the parties to discover information relevant to this case without undermining the legislative purposes underlying the Privacy Act or permissible non-disclosure provisions of the FOIA, pursuant to these statutes and Rule 26 of the Federal Rules of Civil Procedure, it is hereby

ORDERED, that the following procedures shall be followed:

1. Contemporaneous with production, Defendant will identify personnel documents or information subject to the Privacy Act or non-disclosure exemptions of the FOIA. Such documents or information will be deemed to be "information subject to the Protective Order," as referred to hereinafter.

2. Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information subject to this Protective Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact the information subject to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are
> filed in this case by [name of party] and is
> not to be opened except pursuant to order of
> the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Further, Defendant may restrict access to certain agency personnel documents (e.g., crediting and rating plans) to plaintiff's counsel, paralegal and expert witnesses and expressly preclude such information from being provided to Plaintiff.

5. Except as provided herein, no person having access to material designated as subject

to this Order shall make public disclosure of those materials without further Order of the Court.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to defendant's counsel within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, Plaintiff's counsel shall so notify Defendant's counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Defendant to counsel for Plaintiff or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is SO ORDERED by this Court this _15th_ day of _November_, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
DAVID SCHER
The Employment Law Group
888 17th Street, N.W., Suite 900
Washington DC 2006

ANDREA McBARNETTE
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153