UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH-COOKE )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>MARK ROSENKER, Chairman, )<br>National Transportation Safety Board )<br>)<br>  Defendant. )<br>) | No. 1:06-cv-01928-JDB |

**PLAINTIFF'S MOTION TO STRIKE EXHIBITS 1-32 TO
DEFENDANT'S "CORRECTED" MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Marjorie Murtagh-Cooke ("Ms. Murtagh Cooke" or "Plaintiff"), by and through counsel, does respectfully move this Honorable Court to strike Exhibits 1-32 to Defendant's "Corrected" Motion for Summary Judgment (Document Docket No. 25), and any facts and arguments allegedly supported by them. This motion is pursuant to Fed. R. Civ. P. 12(f) and is based upon the grounds that Defendant, Mark Rosenker, Chairman, National Transportation Safety Board ("Defendant") submitted said exhibits in direct contravention of Fed. R. Civ. P. 6(c)(2).

Furthermore, under Fed. R. Civ. P. 56(g), Ms. Murtagh Cooke asserts that the untimely produced declarations within Exhibit 1-32 were made in bad faith and that Ms. Murtagh Cooke is entitled to reasonable expenses, including attorneys' fees, she has incurred as a result.

A memorandum of points and authorities in support of this motion and proposed order are attached hereto.

Marjorie Murtagh-Cooke
*By Counsel*

      /s/
R. Scott Oswald, D.C. Bar #458859
David Scher, D.C. Bar # 474996
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that the foregoing Plaintiff's Motion to Strike Exhibits 1-32 to Defendant's "Corrected" Motion for Summary Judgment was served this 14th day of May, 2008, via the Court's ECF system and copied via e-mail, upon:

Brandon L. Lowy, Esq.
Special Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530
Brandon.Lowy@usdoj.gov


                                                _____/s/_____
                                                David L. Scher

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

|  |  |  |
|---|---|---|
| **MARJORIE MURTAGH COOKE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-01928-JDB |
| | ) | |
| **MARK ROSENKER, Chairman,** | ) | |
| **National Transportation Safety Board** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE EXHIBITS 1-32 TO
DEFENDANT'S "CORRECTED" MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Marjorie Murtagh Cooke ("Ms. Murtagh Cooke" or "Plaintiff"), by and through counsel, submits this memorandum pursuant to Fed. R. Civ. P. 12(f) and 6(c)(2) in support of Plaintiff's Motion to Strike Exhibits 1-32 (Document Docket No. 25) filed late in connection with the also late-filed "Corrected" Motion for Summary Judgment (Document Docket No. 24) filed by Defendant, Mark Rosenker, Chairman, National Transportation Safety Board ("Defendant").

Defendant was granted three (3) extensions and had one hundred and fifty seven (157) days to file its motion for summary judgment. At the eleventh hour, Defendant filed an incomplete motion and failed to file any exhibits at all, in direct contravention of Fed. R. Civ. P. 6(c)(2), which requires the filing of all exhibits with a motion, and in violation of this Court's scheduling order. Defendant did so without requesting consent of Plaintiff or leave of this Court.

Ms. Murtagh Cooke therefore respectfully moves this Honorable Court to strike Exhibits 1-32 to Defendant's "Corrected" Motion for Summary Judgment, and any facts and arguments allegedly supported by them.

Furthermore, under Fed. R. Civ. P. 56(g), Ms. Murtagh Cooke asserts that the untimely produced declarations within Exhibits 1-32 were made in bad faith and that Ms. Murtagh Cooke is entitled to reasonable expenses, including attorneys' fees, she has incurred as a result.

## **PROCEDURAL HISTORY**

Discovery closed in this matter on December 3, 2007. *See* Scheduling Order of August 17, 2007 (Document Docket No. 13) and Minute Order of August 17, 2007 to Document Docket No. 13. Defendant's Motion for Summary Judgment was due no later than February 4, 2008. *See id.*

On or about January 31, 2008, Defendant requested an extension of time to file its motion for summary judgment and Plaintiff consented. Defendant's motion to extend time was granted on January 31, 2008 and Defendant was granted until March 20, 2008 to file its motion for summary judgment. *See* Minute Order to Document Docket No. 19.

On or about March 18, 2008, Defendant again requested an extension of time file its motion for summary judgment and Plaintiff consented. Defendant's second motion to extend time was granted on March 18, 2008 and Defendant was granted until April 7, 2008 to file its motion for summary judgment. *See* Minute Order to Document Docket No. 20.

On or about March 27, 2008, Defendant yet again requested an extension of time file its motion for summary judgment. *See* Document Docket No. 21. Plaintiff stated that she did not object to the motion provided the Court does not grant additional requests to extend time. *See*

Document Docket No. 22.  Defendant's third motion to extend time was granted on March 31, 2008 and Defendant was granted until May 7, 2008 to file its motion for summary judgment.  *See* Minute Order to Document Docket No. 22.   This Court specifically stated, in granting this third extension of time, "No further extensions of time will be granted absent extraordinary circumstances."  *Id*.

Since the close of discovery, Defendant has had *one hundred and fifty seven (157) days*, equivalent to twenty-two (22) *weeks,* and over five (5) *months* – almost one-half of an entire year, to file its motion for summary judgment, accompanying exhibits and proposed order.

On May 7 at 11:52pm, eight minutes before the deadline, Defendant filed its Motion for Summary Judgment, a document which was obviously incomplete and contained numerous blank spaces and incomplete notes.  *See* Document Docket No. 23.  Defendant failed to file any exhibits or affidavits.  Defendant also failed to file a proposed Order.[1]

On May 8, *without leave of this Court*, Defendant filed a document entitled "Errata".  *See* Document Docket No. 24.  In this document, Defendant states that "[d]ue to an inadvertent error, the undersigned counsel filed a late draft of the motion, rather than the final version.  A corrected version of the entire motion is attached as Exhibit 1 hereto."  Defendant filed no motion to extend or for leave of court to file late, did not seek consent of Plaintiff and cited no local or other rule that would permit its "Errata" filing.[2]  The "Errata" filing does not contain mere

---

[1]  To date, Defendant still has not filed a proposed Order to accompany its motion for Summary Judgment, in violation of D.D.C. Local Rule (LCvR) 7(c) ("Each motion and opposition shall be accompanied by a proposed order.").  This is more than a mere technical deficiency when viewed in light of Defendant's late-filed exhibits and late-filed "corrected" memorandum.

[2] Plaintiff intends to respond to Defendant's late "corrected" motion but reserves the right to refer to Defendant's original motion filing which remains on the docket.

3

technical corrections, but represents pages of substantive revisions and hundreds of citation fill-ins and other edits.

Also on May 8, again without leave (or even request for leave) of court, consent (or even request for consent) of Plaintiff, or citation to any local or other rule that would permit this late filing, Defendant filed thirty-two (32) exhibits, including documents, deposition excerpts and declarations. *See* Document Docket No. 25. It is these exhibits that Plaintiff requests this Court strike from the record.

## ARGUMENT

I. **DEFENDANT'S LATE FILING OF 32 EXHIBITS WITHOUT ANY MOTION FOR LEAVE TO FILE LATE VIOLATES THE FEDERAL RULES AND THIS COURT'S SCHEDULING ORDER. THEREFORE, THESE EXHIBITS SHOULD BE STRICKEN FROM THE RECORD**

Pursuant to Fed. R. Civ. P. 6(c)(2), "any affidavit supporting a motion must be served with the motion." "The language of the rule is clear. Affidavits in support of a motion must be served with the motion." *In re Stone*, 588 F. 2d. 1316, 1321 (10th Cir. 1978). *See, Cia. Petrolera Caribe, Inc. v. Arco Carribean, Inc.*, 754 F.2d 404, 409 (1st Cir. 1985); *Canning v. Star Publishing Co.*, 19 F.R.D. 281, 284 (D. Del. 1956) (The rule "leaves no room for judicial discretion.").

Defendant may contend that its late filing of exhibits is a matter of "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). Here, however, 157 days had already passed, Defendant already had three extensions of time and this Court specifically stated that it would not grant more extensions of time absent exceptional circumstances. Moreover, Defendant to date has not even filed a motion or request for leave to file late at all – let alone for "exceptional circumstances" or "excusable neglect". Obviously, Rule 6(b)(1)(B) is only available if the

4

Defendant actually files a motion requesting the right to file out of time in the first instance. *See Government Relations Inc. v. Howe*, 2007 WL 201264 at *6 (D.D.C. 2007). *See also, Reinhart v. Shaneri,* 234 F.R.D. 698, 701 (M.D. Ala. 2006); *DeHerrera v. Memorial Hospital of Carbon County,* 590 P.2d 1342, 1344 (Wyo. 1979); *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (D.N.Y. 1973).

Simply stated, Defendant has made no motion under Fed. R. 6(b) to extend time, therefore Defendant's service of new evidence in the form of declarations and other evidence out of time is improper. No "exceptional circumstances" exist, no "good cause" has been shown and there is no "excusable neglect". Defendant's continued bad faith lateness and non-compliance with the rules of court should not be treated with lenience and its late-filed exhibits should be stricken from the record.

## CONCLUSION

Ms. Murtagh Cooke requests that this Court strike Defendant's late-filed Exhibits 1-32 to its "Corrected" Motion for Summary Judgment, including any facts or arguments the exhibits allegedly support. Furthermore, Ms. Murtagh Cooke requests, pursuant to Fed. R. Civ. P. 56(g), that Defendant reimburse her the reasonable expenses, including attorneys' fees, she has incurred in filing this motion.

                                              Marjorie Murtagh Cooke
                                              By Counsel

                                              _____/s/_____
                                              R. Scott Oswald, D.C. Bar #458859
                                              David Scher, D.C. Bar #474996
                                              The Employment Law Group, PC
                                              888 17th Street, NW, Suite 900
                                              Washington, D.C. 20006
                                              (202) 261-2806

(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Exhibits 1-32 to Defendant's "Corrected" Motion for Summary Judgment, was served this 14th day of May, 2008, via the Court's ECF system and copied via e-mail, upon:

Brandon L. Lowy, Esq.
Special Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530
Brandon.Lowy@usdoj.gov

_____/s/_____
David L. Scher

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

|  |  |
|---|---|
| **MARJORIE MURTAGH COOKE**         )<br>                                                          )<br>            **Plaintiff,**                         )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>**MARK ROSENKER, Chairman,**      )<br>**National Transportation Safety Board**  )<br>                                                          )<br>            **Defendant.**                      )<br>_____)| No. 1:06-cv-01928-JDB |

**[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION TO STRIKE EXHIBITS 1-32 TO
DEFENDANT'S "CORRECTED" MOTION FOR SUMMARY JUDGMENT**

UPON CONSIDERATION of Plaintiff's Motion to Strike Exhibits 1-32 to Defendant's "Corrected" Motion for Summary Judgment, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008;

ORDERED that the exhibits, submitted by Defendant in connection with its "Corrected" Motion for Summary Judgment (Exhibits 1-32, Document Docket No. 25) shall be and hereby are stricken from the record of this case; and it is

FURTHER ORDERED that any facts or arguments that derive their basis from the stricken exhibits also, therefore, shall be and hereby are stricken from the record of this case; and it is

FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 56(g), Defendant will pay to Plaintiff an amount equivalent to the costs incurred, including attorney's fees, in making her motion. Plaintiff shall submit a statement of such fees and costs to Defendant within ten (10)

days of the date of this Order and Defendant shall pay such amount to Plaintiff within twenty (20) days of the date of this Order.

_____
The Honorable John D. Bates
UNITED STATES DISTRICT COURT JUDGE

Copies to:

R. Scott Oswald, Esq.
David Scher, Esq.
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2802
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
dscher@employmentlawgroup.net

Brandon L. Lowy, Esq.
Special Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, NW
Washington, DC 20530
Brandon.Lowy@usdoj.gov