UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK ROSENKER, Chairman, | )   No. 1:06-cv-01928-JDB |
| National Transportation Safety Board, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STRIKE EXHIBITS**
**AND**
**DEFENDANT'S *NUNC PRO TUNC* MOTION FOR AN EXTENSION OF TIME FOR**
**LEAVE TO FILE NOTICE OF FILING EXHIBITS IN SUPPORT OF DEFENDANT'S**
**CORRECTED MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Defendant, Mark Rosenker, Chairman of the National Transportation Safety Board ("NTSB", "Defendant", or the "Agency"), through undersigned counsel, hereby opposes the Plaintiff's Motion to Strike Exhibits to Defendant's Motion for Summary Judgment ("Plaintiff's Motion"). Defendant has acted in good faith in drafting and filing his Motion for Summary Judgment and Motion to Strike ("MSJ") as well as the exhibits thereto. Undersigned counsel exhibited "excusable neglect" in filing the exhibits to the MSJ on the day following the deadline. Defendant's delay in filing exhibits to the MSJ was a matter of hours, rather than days or weeks; and Plaintiff was not prejudiced by this limited delay. To the extent the Court deems it necessary, Defendant respectfully moves this Court *nunc pro tunc* for an extension of time to file a Notice of Filing Exhibits in Support of Defendant's MSJ (and a proposed Order is attached hereto as Exhibit 1).

1

**Background**

Plaintiff's counsel has emphasized the fact that Defendant has requested three extensions of time to file a dispositive motion; however, undersigned counsel demonstrated good cause in a timely manner for each of these extensions, which have been recognized previously by the Court. See Dkt. Entries 19-21.[1]  Whether extensions were granted in the past should have no bearing on the instant issue.

**Argument**

**I.   The Defendant's Tardy Filing of Exhibits in Support of His MSJ Constitutes "Excusable Neglect."**

Defendant satisfies the established factors for the Court to allow a late filing.  While the Federal Rules of Civil Procedure state that "[a]ny affidavit supporting a motion must be served with the motion", Fed. R. Civ. P. 6(c)(2), it also provides this Court with discretion to extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Supreme Court addressed the meaning of "excusable neglect", as well as the factors to consider when determining what kind of neglect will be considered "excusable."  Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

---

[1] Undersigned counsel entered his position as a Special Assistant United States Attorney on January 28, 2008, one week before original due date for the MSJ, February 4, 2008.   Defendant filed a consent motion for an extension of time, which was granted on January 31, 2008.  Defendant explained to the Court in his second motion for an extension of time that undersigned counsel had considerable difficulty completing the MSJ, because of the need to coordinate with agency counsel, who were unavailable for varying reasons.  Soon after Defendant's Second Motion for Extension of Time was granted on March 18, 2008, undersigned counsel realized that he did not request enough additional time to become fully familiar with this case, work with Agency counsel to draft the MSJ, and manage the other cases he had been assigned that had numerous deadlines between the deadlines set by the court in this case.  Accordingly, in good faith undersigned counsel contacted Plaintiff's counsel regarding a third extension, in order to give Plaintiff ample notice of Defendant's concerns, almost two weeks in advance of the second deadline.  On March 31, 2008, the Court granted an extension of time until May 7, 2008, for Defendant to file a dispositive motion.

See also In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir.2003) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)).  These factors include:

> (1) the danger of prejudice to the party opposing the modification,
> (2) the length of delay and its potential impact on judicial proceedings,
> (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
> (4) whether the movant acted in good faith.

Id. (citing Pioneer, 507 U.S. at 395.)

Case law demonstrates situations where a party or the case is harmed by delay.  Although the delay in the instant case was unfortunate, it did not cause any cognizable harm to Plaintiff under this case law.  In Government Relations Inc. v. Howe, 2007 WL 201264 (D.D. C. 2007) ("GRI"), which Plaintiff cites to extensively in her motion, the counsel flagrantly disregarded the orders of the court.  Defendant's actions in the instant case are clearly distinguishable.  In GRI, plaintiff's counsel was granted time to file an amended complaint to clarify certain specified counts.  Not only did he miss that filing deadline, but plaintiff's counsel did not respond when he received defendant's motion to dismiss the complaint.  Instead, on the date plaintiff's counsel was ordered to respond to the motion to dismiss, he requested more time.  Nearly two weeks later, plaintiff's counsel did not respond to the motion to dismiss, but instead filed the amended complaint.  Counsel's reasoning for his delays included a change in his email address and travel to the west coast where he did not have computer access.  Defendant, in its opposition brief, demonstrated why these reasons were unfounded.  The Court held that plaintiff's counsel's unsubstantiated excuses amounted to "dilatory motive" "undue delay" and "bad faith."  Id. at 5. GRI's counsel failed on all of the factors described above.  By contrast, the facts of the case at bar bear no resemblance to those in GRI.  Here, none of the criteria have been established.

(1) Plaintiff Was Not Prejudiced

Plaintiff alleges no prejudice as a result of the Defendant's filing the exhibits one day after the deadline, because no prejudice occurred. Plaintiff was without the exhibits and affidavits for just 18 hours, half of which were before business hours. All of the exhibits had previously been produced through discovery[2], and Plaintiff deposed two of the four affiants.[3] The purpose of the exhibits and affidavits being filed with the motion is to avoid surprise, or to avoid springing facts, upon Plaintiff. However, the Scheduling Order directs that Plaintiff's response to the MSJ is due on June 6, 2008. Plaintiff cannot claim credibly that the delay in receipt of several hours impacts her ability to respond to the MSJ within the 30 days allotted by the Court. Further, this Court has commented that the filing of responses to Requests for Admission one day late is a

> minor lapse…, all too familiar to this Court, in which a party misses a filing deadline and seeks an extension of time after the deadline has passed. See Fed. R. Civ. P. 6(b). Under such circumstances, the extension may be granted upon a showing of "excusable neglect." Id.; see Yesudian ex rel. United States v. Howard Univ. Whether the opposing party will be prejudiced is one factor in the excusable-neglect inquiry, and where a delay is "brief, and there is no suggestion that it had a material effect on the proceedings," the opposing party cannot have suffered any prejudice. Id.

Austin v. Dist. of Columbia, 2007 U.S. Dist. LEXIS 34793 (D.D.C. 2007) (Bates, J.) (internal citations omitted). Such is the case here.

---

[2] Plaintiff has a claim pending in the U.S. Court of Federal Claims, which is on a parallel track to this case. Much of the discovery has overlapped, and the exhibits were produced for that litigation as well.
[3] The two affiants who were not deposed were listed by Plaintiff as potential deponents, but Plaintiff eliminated them from her list when she neared her limit of ten depositions.

(2) Delay had No Impact on the Proceeding

Similar to the lack of prejudice, a delay of several hours in providing the exhibits and affidavits has no impact on the case. The Scheduling Order grants Plaintiff 30 days to respond to the MSJ, after which the Defendant may file a reply. Thus, no decision was pending and awaiting this filing. Moreover, no other filing deadline, nor the trial date, is affected by this minimal delay in filing the exhibits and affidavits. Contrast Halmon v. Jones Lang Wootton, 355 F. Supp.2d 239 (D.D.C.2005) where, nearly six months after the expiration of the deadline, the defendant moved to file late response to supplemental memorandum and opposition to a Motion for Summary Judgment, citing only that counsel did not place the due date on her calendar. The court found the excuse "lame" and noted that parties have an obligation to monitor the court's docket, noting its obligation to maintain docket control and decide summary judgment motions effectively and efficiently. Id at 242, 244-45 (citing Jackson v. Finnegan, 101 F.3d 145, 150 (D.C. Cir.1996)). The instant case may be distinguished, insofar as a delay of less than one day will have no effect on the effective and efficient proceeding of the case.

(3) The Delay is Excusable

As explained above, it took undersigned counsel longer than he anticipated to draft Defendant's MSJ because of the stage of the case and undersigned counsel's newness to the Civil Division. See n.1 *supra*. Accordingly, the marshaling, categorizing, and preparation of the exhibits took undersigned counsel longer to complete than undersigned counsel anticipated. However, this Circuit has found that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In re Vitamins Antitrust Class

5

Actions, 327 F.3d at 1209-1210 (quoting Pioneer, 507 U.S. at 392); see also Yesudian ex rel. U.S. v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir.2001) (applying the excusable neglect standard without emphasis on any particular Pioneer factor).

    (4) There was No Bad Faith

 Last, there is no evidence that counsel's actions rise to the level of bad faith. Bad faith, at a minimum, implies fraud or deceit, with the intent of being dishonest or sinister. In this case, however, counsel misunderstood the rule about filing exhibits for summary judgment motions. The undersigned counsel believed mistakenly that Rule 6(b)(1)(B) was inapplicable to the MSJ's exhibits, and that the exhibits could be filed the day after the motion's due date without requiring leave of the Court. Consequently, in good faith, undersigned counsel filed the exhibits in support of Defendant's MSJ less than one day after the Court's deadline. Dkt. Entry 25. The MSJ already was filed that included the content and argument supported by the exhibits and affidavits. Thus, no intent to deceive can be shown or inferred as there is little gained from delaying the submission of the exhibits and affidavits when the arguments they support are known. In short, the 18-hour delay has not affected Plaintiff's ability to present her case, and Defendant has gained no advantage. On May 12, 2008, this Court issued a Minute Order permitting Plaintiff 30 days, more than the allotted time in this District's Local Rules, to file an opposition to Defendant's MSJ. Moreover, Plaintiff may request additional time from the Court to do so if necessary.

 Accordingly, Defendant respectfully moves this Court *nunc pro tunc* for an extension of time to file his MSJ (including a proposed Order attached hereto as Exhibit 1) and Notice of Filing Exhibits in Support thereof.

**II. It Is In The Best Interests of Justice to Adjudicate This Case on its Merits.**

"The purpose of pre-trial procedure is to serve the best interests of justice by eliminating unnecessary proof and issues and weeding out unsupportable claims. And it is clear that the Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." Gomez v. Trustees of Harvard University, 676 F.Supp. 13, 15 (D.D.C.1987) (internal citations omitted). Even if Defendant had "not demonstrated any excusable neglect," Defendant's instant motion "is directed to the sound discretion of the Court to permit late filing where no prejudice to plaintiff results." Id. at 16. As shown above, Plaintiff failed to allege any prejudice resulting from Defendant's 18-hour delay in filing exhibits to support his MSJ, because Plaintiff suffered no prejudice.

Adjudication on the merits of the case is strongly favored. Abdullah v. Washington, 530 F. Supp. 2d 112, 115 (D.D.C.2008) (Bates, J.) (citing Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1475 (D.C. Cir. 1995)). In fact, even when a Defendant has filed a dispositive motion more than a month late (and after having filed tardy motions previously), this Court has expressed that clear preference, using its discretion to accept the motion, allowing the case to be decided on its merits. See Brannum v. Dominguez, 377 F.Supp.2d 75, 78-79 (D.D.C.2005); see also M. Spiegel & Sons, Inc. v. O'Leary, 943 F.Supp. 4, 6 n.1 (D.D.C.1996) (accepting a filing two days after deadline because "plaintiff has suffered no prejudice from defendant's late filing"). In the instant case, Plaintiff seeks to strike exhibits that were filed with the Court in good faith, hours after the deadline. It would not serve the interest of justice or judicial economy to allow issues that are ripe for decision to proceed to trial because of a "minor lapse." See Austin, supra.. The agency's meritorious defenses deserve to be heard.

### III. Defendant's Motion to Strike Jury Demand and the Argument Concerning the Start of Protected Activity Remain Valid Regardless of the Outcome of Plaintiff's Instant Motion.

Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), demands a jury trial, and legal and equitable relief as provided by 29 U.S.C. § 216(b).  Am. Comp. ¶ 33.  Defendant moved to strike the demand for jury trial, in accordance with Fed. R. Civ. P. 39(a), as the right to a jury trial does not exist in an FLSA claim against the Federal Government.  See MSJ at 38.  The law is well-settled that a Seventh Amendment right to trial by jury does not apply in actions against the Federal Government, except when Congress has affirmatively and unambiguously granted that right by statute.  Wise v. Glickman, 257 F.Supp.2d 123, 132 (D.D.C. 2003) (citing Lehman v. Nakshian, 453 U.S. 156 (1981)); see also Nyman v. FDIC, 1997 WL 243222 (D.D.C. 1997) (unreported) (no entitlement to jury trial on Equal Pay Act Claim).  Congress has not affirmatively and unambiguously granted the right to jury trial to persons bringing suit against the federal government under the retaliation provision of the FLSA.  See 29 U.S.C. § 215(a)(3) et seq.  Regardless of the outcome of the instant motion, Defendant's Motion to Strike is valid and should be decided because it is a dispositive motion that may be brought anytime before trial.  Similarly, the decision concerning when, under the FLSA, Plaintiff first engaged in protected activity, is one of subject matter jurisdiction, an issue[4] that may be brought to the Court's attention at any time.  See Fed. R. Civ. P. 12(h)(3).  These arguments were included with the MSJ so that the Court would have the benefit of the facts and context addressed together.

---

[4] See MSJ at 11-17.

**Conclusion**

For all the foregoing reasons, the Plaintiff's Motion should be denied. Defendant's Motion for Summary Judgment and Motion to Strike the Jury Demand should be heard, and the agency is entitled to judgment as a matter of law.

Dated: May 28, 2008.

        Respectfully Submitted,


        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney


        /s/
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney


        /s/
        BRANDON L. LOWY
        Special Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 307-0364

        Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK ROSENKER, Chairman, | )   No. 1:06-cv-01928-JDB |
| National Transportation Safety Board, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## ORDER

Upon consideration of Plaintiff's Motion to Strike Docket Entry 25 and Defendant's Opposition thereto and Defendant's Motion for an Extension of Time to file exhibits, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Plaintiff's Motion to Strike Exhibits 1-32 to Defendant's Corrected Motion for Summary Judgment is DENIED; and it is

ORDERED that Defendant's Motion for an Extension of Time for Leave to File Notice of Filing Exhibits in Support of Defendant's Corrected Motion for Summary Judgment and Motion to Strike be and is hereby GRANTED; and it is

FURTHER ORDERED that Defendant's Exhibits in Support of Defendant's Corrected Motion for Summary Judgment and Motion to Strike are hereby FILED.

SO ORDERED.

_____
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARJORIE MURTAGH COOKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK ROSENKER, Chairman, | )   No. 1:06-cv-01928-JDB |
| National Transportation Safety Board, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Upon consideration of Defendant's Motion for Summary Judgment and Motion to Strike, it is this _____ day of _____, 200\_\_\_\_,


\_\_\_\_\_   ORDERED that the Motion for Summary Judgment be and hereby is GRANTED, and that complaint be and hereby is DISMISSED;

\_\_\_\_\_   ORDERED that the Motion to Strike be and hereby is GRANTED, and that Plaintiff's demand for a jury trial be and hereby is STRICKEN;

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE